# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS LELAND TELLES, | Case No. CV 19-150 FMO(JC) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| KELLY SANTORO, | |
| Respondent. | |

On January 8, 2019, petitioner formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner challenges a judgment in Los Angeles County Superior Court Case No. LA079617 on multiple grounds.

Based upon the Petition and California state court records attached to and referenced therein, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed as time-barred.

///

---

[1] Petitioner appears to have signed the Petition on August 9, 2018. The envelope in which the Petition was mailed is post-marked January 2, 2019. The Petition was received by the Clerk on January 7, 2019.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. As there is no indication in the record that petitioner filed a petition for writ of certiorari with the United States Supreme Court, petitioner's conviction became final on August 8, 2017 – ninety (90) days after the California Supreme Court denied review on direct appeal (on May 10, 2017) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted). Therefore, the statute of limitations commenced to run on August 9, 2017, and absent tolling, expired on August 8, 2018 – one day before petitioner appears to have signed the Petition and multiple months before it was mailed to the Court, received and filed.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). Here, the record does not reflect that petitioner is entitled to any statutory tolling.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the Petition or the current record that petitioner has met his burden to demonstrate that he is entitled to tolling sufficient to render the Petition timely.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at

3

324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **January 30, 2019**, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.[2]

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil

---

[2] At a minimum, petitioner should supply the Court with evidence regarding the date on which he provided the Petition to prison authorities for mailing (such as an outgoing prison mail log), dates during which he allegedly was detained in the administrative segregation unit (e.g., prison records regarding the same), his use of the prison law library/legal resources (*e.g.*, prison records/logs of library use), and any unsuccessful efforts he made to attempt to access the law library/legal resources (*e.g.*, copies of any requests to access the same).

Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: January 10, 2019

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

5